# ATTORNEY GRIEVANCE COMMISSION OF MARYLAND
## *v.* DONALD S. LEBOWITZ

[Misc. (BV) No. 19, September Term, 1980.]

*Decided June 26, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Walter D. Murphy, Jr., Assistant Bar Counsel,* for petitioner.

*Edward B. Harris, Jr.,* for respondent.

Per Curiam. ELDRIDGE, J., concurs in the result.

Per Curiam:

The Attorney Grievance Commission, acting through Bar Counsel, filed a Petition for Disciplinary Action against Donald S. Lebowitz, alleging violations of the Disciplinary Rules of the Code of Professional Responsibility. The matter was referred, pursuant to Maryland Rule BV9 b, to Judge Basil A. Thomas of the Supreme Bench of Baltimore City to make findings of fact and conclusions of law. After conducting a hearing, Judge Thomas filed detailed findings and conclusions as follows:

"On October 6, 1980, the Attorney Grievance Commission of Maryland ('the Commission'), through Bar Counsel filed a Petition for Disciplinary Action against Respondent, Donald S. Lebowitz, in the Court of Appeals of Maryland, pursuant to Rule BV 9 of the Maryland Rules of Procedure. The petition asserted that the Review Board of the Commission, pursuant to Rule BV 7 of the Maryland Rules of Procedure, directed Bar Counsel to file charges against the Respondent, which charges are alleged in two sections of the Petition filed: (1) Part A of the Petition concerning the criminal conviction of the Respondent in the U. S. District Court for the District of Maryland; and (2) Part B of the Petition concerning the payment of runners and the payment of insurance adjusters. Bar Counsel asked the Court of Appeals to take such disciplinary action as it thought appropriate.

"By an Order dated October 10, 1980, the Court of Appeals responded to Bar Counsel's allegations that Respondent did unethically and unprofessionally violate certain provisions of the Disciplinary Rules (DR) of the Code of Professional Responsibility and transmitted the charges to the Supreme Bench of Baltimore City (Eighth Judicial Circuit) to be heard and determined by the undersigned judge pursuant to Maryland Rule BV 9 et seq.

"In brief, the Bar Counsel's allegations are as follows. In Part A of the Petition, Bar Counsel charges that the Respondent violated DR 1-102 (A) (1), DR 1-102 (A) (3), DR 1-102 (A) (4), DR 1-102 (A) (5), and DR 1-102 (A) (6) by willfully failing to report $4,780.00 of additional taxable

income on his 1976 individual tax return, which resulted in his criminal conviction under 26 U.S.C., § 7206 (1), in the U.S. District Court for the District of Maryland. In Part B of the Petition, Bar Counsel alleges that the Respondent made payments to agents also known as 'runners' in return for their bringing in clients in personal injury cases to him on numerous occasions, and that such payments were made without the knowledge or consent of the client. Further allegations in Part B of the Petition involved the Respondent's improper payment of 15% of his fee which he earned in personal injury cases, to the insurance adjusters with whom he settled these cases. By the Respondent's allegedly engaging in the conduct described in Part B of the Petition, the Petitioner claims that the Respondent violated: DR 1-102 (A) (1) (3) (4) (5) (6); DR 2-103 (C) (D) (F); DR 3-102 (A) (1) (2) (3); DR 7-102 (A) (4) (6) (8); and DR 9-102 (A) (1) (2) and DR 9-102 (B) (1) (3) (4).

"On December 17, 1980, the Respondent was served. The Respondent filed his Answer to Petition For Disciplinary Action on January 16, 1981. In his Answer, the Respondent prayed that the disciplinary action sought by the Petitioner be denied.

"On February 9, 1981, a hearing was held in which the charges against the Respondent were heard by the undersigned judge. The Respondent did not testify, and the essential facts are not in dispute. The evidence consisted of the following exhibits and stipulations:

1. Criminal Information in the case of *United States of America v. Donald S. Lebowitz*, in the United States District Court for the District of Maryland, Criminal Number H-79-0306. (Petitioner's Exhibit #1).

2. Certified copy of docket sheet and docket entries on two (2) pages in the same case. (Petitioner's Exhibit #2).

3. Certified copy of the Judgment and Probation/Commitment Order, dated October 4, 1979, filed on October 12, 1979, in the same case. (Petitioner's Exhibit #3).

4. Copy of the transcript of proceeding before the Honorable Alexander Harvey, II., U.S. District Judge, on July 17, 1979, in the same case. (Petitioner's Exhibit #4).

5. Copy of the transcript of sentencing hearing before the Honorable Alexander Harvey, II, U.S. District Judge, in the United States District Court for the District of Maryland in the same case. (Joint Exhibit #5).

6. Copy of excerpt from transcript of proceedings, i.e. the testimony of Donald S. Lebowitz, before the Honorable C. Stanley Blair, on November 28, 1978, in the United States District Court for the District of Maryland in the case of *United States vs. Earl B. Williams,* Criminal Action No. 77-0435 and Criminal Action No. 77-0589. (Petitioner's Exhibit #6).

7. Photostatic copies of checks (front and back), drawn by Donald S. Lebowitz to the order of Earl Williams, which reflect the following specific paid amounts:

> January 8, 1973, No. 2344, $675.00
> January 11, 1973, No. 2357, $270.00
> February 7, 1973, No. 2428, $360.00
> February 28, 1973, No. 2469 $405.00
> August 24, 1973, No. 3030, $100.00
> August 28, 1973, No. 3038, $170.00
>
> (Petitioner's Exhibit #7)

8. Certain portions of the testimony of Respondent before the Inquiry Panel hearing held on April 11, 1980, in the matter of Donald S. Lebowitz, Esquire, BC Docket Nos. 80-168-4-1 and 79-192-3.

9. Facts contained in Petitioner's Request for Admissions of Fact and Genuineness of Documents.

10. Interrogatories No. 17 and 18 and the answers to same.

"Since the charges brought by Bar Counsel arose out of three separate matters, i.e., (1) the income tax conviction; (2)

payments to runners; and (3) payments to insurance adjusters, this Court will render both a finding of fact and a conclusion of law as to each.

"PART I
FINDING OF FACT

"In July 1979, Donald Lebowitz, a member of the Maryland Bar since 1963, was charged by Criminal Information in the United States District Court for the District of Maryland with violating 26 U.S.C., § 7206 (1), (Fraud and false statements . . . under penalties of perjury), for willfully failing to report $4,780.00 of additional taxable income on his 1976 individual tax return. (Petitioner's Exhibit No. 1). The additional tax liability on this amount was $2,370.00. Section 7206 (1) states the following:

'Any person who —
(1) Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made *under the penalties of perjury,* and which he does not believe to be true and correct as to every material matter — shall be guilty of a *felony* and, upon conviction thereof shall be fined not more than $5,000.00, or imprisoned not more than 3 years or both, together with the costs of the prosecution.' (Emphasis added).

"On July 17, 1979, Respondent appeared before United States District Judge Alexander Harvey, II, and offered a plea of guilty to the criminal information. The court accepted the guilty plea, fined the Respondent $2,000.00 and sentenced him to imprisonment for 26 months, suspending all but two months of the sentence. (Petitioner's Exhibit No. 3). The Respondent has stated that he knew and understood that he was understating his income. (P. 15 of the transcript).

"Prior to this conviction, the Respondent, in late 1977 or early 1978, received a Federal Grand Jury subpoena duces tecum at the initial stages of an investigation which had its

primary focus on runners. The Respondent appeared before the Grand Jury and offered to testify as to all matters and to answer any questions by government attorneys.

"Thereafter, the Respondent entered into an agreement with the government whereby he agreed to fully cooperate with the government and to plead guilty to the tax charge. The Respondent fulfilled his obligations under the agreement by testifying for the government in runner trial of United States v. Williams and, according to Assistant U.S. Attorney Herbert Better, by cooperating with investigations of runners and insurance adjusters.

## "CONCLUSIONS OF LAW

"The offense proscribed by 26 U.S.C., § 7206 (1) is infested with fraud, deceit and dishonesty, and involves moral turpitude. *Attorney Grievance Commission v. Swerdloff*, 279 Md. 296 (1977). Therefore, this Court finds that the Respondent violated DR 1-102 (A) (3), by engaging in illegal conduct involving moral turpitude. Additionally, the Court finds that the Respondent, by engaging in said conduct, violated: (1) DR 1-102 (A) (4), engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and (2) DR 1-102 (A) (5), engaging in conduct that is prejudicial to the administration of justice.

## "PART II
## FINDINGS OF FACT

"Pursuant to the plea agreement of January 19, 1978 with the United States Attorney's Office, the Respondent testified on November 28, 1978, in the United States District Court criminal trial of Earl Williams that during the year 1973, Williams, who is not an attorney, referred personal injury cases to the Respondent on at least fifteen occasions. The Respondent admitted paying Williams amounts averaging $125.00 for each client brought in by Williams. (P. 8, Petitioner's Exhibit No. 6). The Respondent would, without the

knowledge of Williams, draft checks payable to Williams, endorse Williams's signature on the backs, cash the checks and pay Williams in cash. These cash payments represented one or more client referrals. (Petitioner's Exhibit No. 7). Then the Respondent would deduct the money paid to Williams as a business expense for income tax purposes. Such payments were accepted as a legitimate business deduction by the Internal Revenue Service.

"The Respondent admitted that on numerous occasions between January 1, 1969 and December 31, 1976, he paid money to runners in return for clients in personal injury cases being referred to him. (P. 3, Petitioner's Request for Admissions of Fact and Genuineness of Documents). The Respondent terminated his relationship with all runners over five years ago. Although the Respondent would not name for the Attorney Grievance Commission any of the persons who were the subject of the federal investigations, the statement of Assistant U.S. Attorney Herbert Better, made at the time of sentencing, indicates that the Respondent cooperated fully in the various government investigations. (P. 3, Joint Exhibit No. 5).

"Although the Respondent in his testimony before the Commission's inquiry panel claims that in 1974 he had spoken to Assistant U. S. Attorney Robert Schulman, inquiring as to whether it was a crime to use runners and was told that it wasn't, he nevertheless stated that he knew the runner system was against the Canons of Ethics at the time. (P. 15 of the transcript). As of April 11, 1980, the date of the Commission's inquiry panel proceeding, the Respondent was still handling personal injury cases.

## "CONCLUSIONS OF LAW

"In Maryland, the payment of runners by an attorney is violative of DR 2-103 (c) and DR 1-102 (A) (5). *Attorney Grievance Commission v. Freedman*, 285 Md. 298 (1979). This Court finds that Respondent, through his use and payment of runners, violated DR 2-103 (c), compensating a

person for recommending or securing the Attorney's employment with a client, and DR 1-102 (A) (5), engaging in conduct that is prejudicial to the administration of justice.

"This Court further finds that the Respondent, through his method of payment to Earl Williams, violated DR 1-102 (A) (4), engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

## "PART III
### FINDINGS OF FACT

"In the Commission's inquiry panel proceeding, the Respondent's testimony reflected that on numerous occasions during the years 1970 through 1974, he paid various insurance adjusters, who were not attorneys, fifteen percent of his fee for assistance in settling his claims with them. (P. 12 of the transcript). The Respondent admitted that it was 'probably two, three, four thousand dollars in any one year'. (P. 18 of the transcript). The Respondent also indicated that by paying insurance adjusters he thought that he would get additional cooperation from them in settling cases with their companies. (P. 17 of the transcript).

"There was no criminal prosecution on these charges and the Respondent, pursuant to his agreement with the government, cooperated with the government's investigations of insurance adjusters. The Respondent claims he quit the practice of paying insurance adjusters by the year 1976. He indicated that the insurance adjusters never settled a case with him where there was no liability or injury.

### "CONCLUSIONS OF LAW

"This Court finds that the Respondent made payments to insurance adjusters unethically, which violated the following Disciplinary Rules under the Code of Professional Responsibility: (1) DR 1-102 (A) (5), engaging in conduct that is prejudicial to the administration of justice; (2) DR 1-102 (A) (6), engaging in conduct that adversely reflects on his fitness to practice law; (3) DR 3-102 (A) sharing fees with a non-lawyer."

Lebowitz did not file any exceptions to Judge Thomas' findings and Bar Counsel has recommended disbarment. In oral argument before us on the issue of the appropriate sanction, Lebowitz urged that disbarment was too harsh because, after he was charged with the criminal offense, he fully cooperated with the Government and promptly ceased his practice of engaging runners and bribing insurance adjusters.

When an attorney is convicted of a crime of moral turpitude, disbarment follows automatically unless compelling extenuating circumstances are shown to exist. *Attorney Griev. Comm'n v. Barnes,* 286 Md. 474, 408 A.2d 719 (1979). The felony of which Lebowitz was convicted involves moral turpitude. *Attorney Grievance v. Swerdloff,* 279 Md. 296, 369 A.2d 75 (1977). Lebowitz's conviction conclusively establishes that he willfully subscribed to a false federal income tax return substantially understating his gross income by a declaration made under penalties of perjury. *See Maryland St. Bar Ass'n v. Rosenberg,* 273 Md. 351, 329 A.2d 106 (1974). That Lebowitz fully cooperated with the federal prosecuting authorities does not diminish the degree of culpability inherent in his guilt. *See Bar Ass'n of Balto. City v. Siegel,* 275 Md. 521, 340 A.2d 710 (1975). We think disbarment is the appropriate sanction and we, therefore, direct that the name of Donald S. Lebowitz be stricken from the rolls of those authorized to practice law in Maryland.

> *It is so ordered; respondent shall pay all costs as taxed by the clerk of this Court, including the costs of all transcripts, pursuant to Maryland Rule BV15 c for which sum judgment is entered in favor of the Attorney Grievance Commission against Donald S. Lebowitz.*