ATTORNEY GRIEVANCE COMMISSION OF
MARYLAND v. BENJAMIN GARY

[Misc. (BV) No. 9, September Term, 1982.]

*Decided December 13, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Marvin J. Garbis* for respondent.

*Walter D. Murphy, Jr., Assistant Bar Counsel,* for petitioner.

Per Curiam. ELDRIDGE, J., concurs in the result.

PER CURIAM

The Attorney Grievance Commission, acting through Bar

Counsel, filed a petition for Disciplinary Action, pursuant to Maryland Rule BV9, against Benjamin Gary, alleging that he violated Disciplinary Rule 1-102 (A) of the Code of Professional Responsibility, which provides, insofar as pertinent, as follows:

"DR 1-102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(2) . . .

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

The matter was referred to Judge Joseph H. H. Kaplan of the Circuit Court of Baltimore City to make findings of fact and conclusions of law pursuant to Maryland Rule BV10. After an evidentiary hearing, Judge Kaplan made the following findings of fact and conclusions of law.

"At the hearing, Petitioner submitted certified copies of a Criminal Information filed in the United States District Court for the District of Maryland, Criminal No. HM-82-00051, charging Respondent with a violation of 26 U.S.C. § 7201 (Attempt to Evade or Defeat Tax) and of the 'Judgment and Probation/Commitment Order' in the case of *United States v. Benjamin Gary,* United States District Court for the District of Maryland, Criminal No. HM-82-00051, which states that Respondent was convicted on a plea of guilty of a violation of 26 U.S.C. § 7201. Copies of the docket entries, the plea agreement and transcripts of the proceedings in the United States District Court were also submitted by Petitioner. All of the above were admitted into evidence.

"Respondent admits that he has been convicted of a violation of 26 U.S.C. § 7201. He submitted a Stipulation regarding the testimony of character witnesses containing statements by three members of the Bar which attest to Respondent's excellence of character, good reputation and service to the community; the same were admitted into evidence. Margaret J. Pecora, Esquire, of the Legal Aid Bureau, Inc. testified that Respondent has been rendering professional services for clients of Legal Aid on a voluntary basis and that his services as an attorney are badly needed by Legal Aid. Respondent testified that if permitted to remain a member of the Bar, he will devote all of his legal practice to public service without compensation.

## "FINDINGS OF FACT

"1. Respondent was convicted on April 16, 1982, by the United States District Court for the District of Maryland, on a plea of guilty, of violation of 26 U.S.C. § 7201 (Attempt to Evade or Defeat Tax), fined $5,000.00 and committed to a term of imprisonment of two years with all but thirty days suspended. Respondent was placed on probation for a period of three years.

"2. Respondent has an excellent reputation among members of the Bar and is known for his service to the community.

"3. If permitted to remain a member of the Bar, Respondent will devote all of his legal practice to public service without compensation.

## "CONCLUSIONS OF LAW

"1. Respondent's conviction of a violation of 26 U.S.C. § 7201, willful tax evasion, by the United States District Court for the District of Maryland is conclusive proof of his guilt of that crime. Md. Rule BV10 e 1.

"2. The crime of willful tax evasion is a crime involving

moral turpitude. *Maryland State Bar Association, Inc. v. Agnew,* 271 Md. 543, 547, 318 A.2d 811 (1974).

"3. The crime of willful tax evasion constitutes conduct involving dishonesty, fraud, deceit or misrepresentation. *Id.,* 271 Md. at 550.

"4. The crime of willful tax evasion constitutes conduct that is prejudical to the administration of justice. *Id.,* 271 Md. at 547.

"5. The crime of willful tax evasion constitutes conduct that adversely reflects on Respondent's fitness to practice law. *Id.,* 271 Md. at 550-51."

Judge Kaplan concluded that by reason of his conviction of willful income tax evasion, the respondent violated DR 1-102 (A) (1), (3), (4), (5) and (6).

The respondent did not except to any of Judge Kaplan's findings. Bar Counsel has recommended that respondent be disbarred. Respondent argues that disbarment is not the appropriate sanction in this case. He urges that we consider that he has practiced honorably for 27 years; that the offense he committed had no relation to the practice of law; that he has been and will continue to work without compensation for the Legal Aid Bureau, which badly needs his service; and that he should only be placed under indefinite suspension.

After carefully considering the matter, we accept the findings of Judge Kaplan. There being no compelling extenuating circumstances in this case, we conclude that disbarment is the appropriate sanction. *See Bar Ass'n of Balto. City v. Siegel,* 275 Md. 521, 340 A.2d 710 (1975); *Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 318 A.2d 811

34

(1974); *Maryland St. Bar Ass'n v. Callanan*, 271 Md. 554, 318 A.2d 809 (1974).

> *It is so ordered; respondent shall pay all costs as taxed by the Clerk of this Court, including the costs of all transcripts, pursuant to Maryland Rule BV15 c for which sum judgment is entered in favor of the Attorney Grievance Commission against Benjamin Gary.*

*Eldridge, J., concurring:*

I concur in the result.