521 A.2d 1202

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Lloyd E. CLINTON and Jerome F. Connell.**

**Misc. (Subtitle BV) Nos. 43, 44, Sept. Term, 1985.**

Court of Appeals of Maryland.

March 6, 1987.

Melvin Hirshman, Bar Counsel, for the Atty. Grievance Comm'n of Maryland, for petitioner.

Argued before ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ., and ORTH, CHARLES E., Jr., Associate Judge of the Court of Appeals of Maryland (retired, Specially Assigned).

COUCH, Judge.

Jerome F. Connell and Lloyd E. Clinton, Jr. were partners in the practice of law, being members of the Maryland Bar since 1959 and 1962 respectively. Both attorneys were charged in the United States District Court for the District of Maryland with violating 26 U.S.C. §§ 7201 and 7206(1), and 18 U.S.C. § 2, involving income tax evasion for the years 1979, 1980 and 1981. In October 1985, both attorneys were found guilty by a jury in the United States District Court of all counts in the indictment; each was sentenced to a prison term of one year and one day and fined $5,000.00. Subsequently, upon petition of the Attorney Grievance Commission of Maryland, no cause to the contrary being shown, this Court ordered on February 24, 1986 that each of the

attorneys be suspended from the practice of law until further order of Court.

Although each attorney appealed his conviction to the United States Court of Appeals for the Fourth Circuit, the appeals were voluntarily terminated. Consequently, the convictions became final.

Thereafter, the Attorney Grievance Commission, acting through Bar Counsel, petitioned this Court for disciplinary action pursuant to Md.Rule BV16(c), alleging that each attorney:

"was found guilty of violations of Title 26 United States Code Section 7201 and 18 United States Code, Section 2 (attempt to evade or defeat tax and aiding and abetting) and a violation of 26 United States Code Section 7206(1), (Willfully making and subscribing to any return, statement, or any document, which contains or is verified by a written declaration that it is made under the penalties of perjury and which he does not believe to be true and correct as to every material matter; and aiding and abetting the commission of that offense.)"

The Commission specifically charged the attorneys with unethically and unprofessionally violating:

DR 1–102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(2) Circumvent a Disciplinary Rule through actions of another.

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

Answering the petitions, each attorney admitted that he had been found guilty of violating the above-mentioned

sections of Titles 26 and 18 of the United States Code, and that he had voluntarily terminated his appeal. However, they averred that they did not willfully violate DR 1–102(A)(1) through (6).

Thereafter, we transmitted these charges to Judge James T. Smith, Jr. of the Circuit Court for Baltimore County to make findings of fact and conclusions of law in accordance with Md. Rule BV9 *et seq.* A hearing was held on December 4, 1986 with the attorneys appearing *pro se.* According to the transcript of this hearing, little evidence was offered other than the underlying documents incident to the criminal charges and their disposition. Both attorneys did offer evidence that they had paid the taxes and interest for the years involved in the criminal charges. It was also stipulated that the sentences had been completed, the fines had been paid, and, other than the matters contained in the petition, there was no other basis for disciplinary action against either attorney.

Judge Smith made his written findings of fact and conclusions of law, in which he stated:

### "FINDINGS OF FACT

On October 23, 1985, each Respondent was convicted by a jury in the United States District Court for the District of Maryland of violations of Title 26 U.S.C. Section 7201, 18 U.S.C. Section 2, and 26 U.S.C. Section 7206(1). On December 2, 1985, each Respondent was sentenced to a term of imprisonment of one year and one day and assessed a fine of $5,000.00 and court costs.

As a result of the withdrawal of Appeals which had been noted to the Fourth Circuit Court of Appeals by both Respondents, the convictions noted above are final.

### CONCLUSIONS OF LAW

This Court concludes the following by clear and convincing evidence, namely:

1) That Respondents' convictions are conclusive proof of their guilt of the respective crimes;  and

2) That the crime of tax evasion is a crime of moral turpitude;  and

3) That the crime of tax evasion is also conduct involving dishonesty, fraud, deceit or misrepresentation;  and

4) That the crime of tax evasion also constitutes conduct that is prejudicial to the administration of justice and adversely reflects upon Respondents' fitness to practice law;  and

5) That the crime of false declaration of which the Respondents were convicted is also illegal conduct involving moral turpitude, dishonest conduct, conduct prejudicial to the administration of justice and conduct which adversely reflects on Respondents' fitness to practice law;  and

6) That the Respondents have violated Disciplinary Rules, namely, DR 1–102(A)(1)(3)(4)(5)(6)."

No exceptions were taken to Judge Smith's report by either attorney or by Bar Counsel.

We scheduled the matter for oral argument on February 4, 1987. Both attorneys were present, *pro se,* but neither chose to make a statement.

■ As no exceptions were taken, there remains for our consideration the matter of the appropriate sanction to be applied here. Bar Counsel recommends disbarment. We agree.

■ In *Maryland State Bar Association v. Agnew,* 271 Md. 543, 318 A.2d 811 (1974), Judge Dudley Digges, speaking for the Court, stated:

"[W]hen a member of the bar is shown to be willfully dishonest for personal gain by means of fraud, deceit, cheating or like conduct, absent the most compelling extenuating circumstances, ... disbarment follow[s] as a matter of course."

*Id.* at 553, 318 A.2d at 817. The burden of proof is on each respondent to show extenuating circumstances. *Attorney Grievance Commission v. Deutsch,* 294 Md. 353, 366, 450 A.2d 1265, 1271 (1982).

The crime of willful tax evasion is a crime involving moral turpitude and dishonesty. In *Agnew,* 271 Md. at 547, 318 A.2d at 813, we stated:

> "That the crime of willful tax evasion involves moral turpitude and constitutes conduct prejudicial to the administration of justice was settled in this State by our predecessors nearly thirty years ago in *Rheb v. Bar Ass'n of Baltimore,* 186 Md. 200, 46 A.2d 289 (1946), and we reaffirm the reasoning of that landmark case as being applicable to the charge here."

*See also Attorney Grievance Commission v. Lebowitz,* 290 Md. 499, 431 A.2d 88 (1981); *Attorney Grievance Commission v. Deutsch, supra; Attorney Grievance Commission v. Gary,* 295 Md. 30, 452 A.2d 1221 (1982). In the instant case, both attorneys contend, by their answers to the petitions, that their actions were not willful. However, the criminal convictions are conclusive. *See* Md.Rule BV10 e 1;[1] *Attorney Grievance Commission v. Barnes,* 286 Md. 474, 408 A.2d 719 (1979).

Nor do we find any evidence of compelling extenuating circumstances in these cases. *See Attorney Grievance*

---

**1.** Md.Rule BV10 e 1 states:

> e. *Conviction of Crime—Adjudication of Misconduct.*
>
> 1. Proof of Guilt.
>
> In a hearing of charges pursuant to this Rule, a final judgment by a judicial tribunal in another proceeding convicting an attorney of a crime shall be conclusive proof of the guilt of the attorney of that crime. A plea or verdict of guilty, or a plea of *nolo contendere* followed by a fine or sentence, is a conviction within the meaning of this Rule. A final adjudication in a disciplinary proceeding by a judicial tribunal or a disciplinary agency appointed by or acting at the direction of a judicial tribunal that an attorney has been guilty of misconduct is conclusive proof of the misconduct in the hearing of charges pursuant to this Rule.

*Commission v. Gary, supra.* Accordingly, we conclude that disbarment is the appropriate sanction.

IT IS SO ORDERED. RESPONDENTS SHALL PAY ALL COSTS, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MD. RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST JEROME F. CONNELL AND LLOYD E. CLINTON, JR.