*Attorney Grievance Commission of Maryland v. Claire L. K. K. Ogilvie*, Misc. Docket AG No. 4, September Term, 2016.  Opinion by Greene, J.

**ATTORNEY DISCIPLINE- CONVICTION FOR A SERIOUS CRIME- DISBARMENT**

Respondent Claire L. K. K. Ogilvie violated Maryland Attorneys' Rules of Professional Conduct 19-308.4(a), (b), and (d).  These violations stemmed from Respondent's criminal conviction for breaking and entering, malicious wounding, and abduction, all of which occurred in the Commonwealth of Virginia.  The Court of Appeals held that disbarment was the appropriate sanction for Respondent's misconduct.

Argued: March 1, 2018

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 4

September Term, 2016

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

CLAIRE L. K. K. OGILVIE

Barbera, C.J.
Greene,
Adkins,
McDonald,
Watts,
Hotten,
Getty,

JJ.

_____

Opinion by Greene, J.

_____

Filed: March 23, 2018

Claire L. K. K. Ogilvie ("Respondent") was admitted to the Maryland Bar on February 5, 2007. On August 18, 2014, Respondent was indicted in the Circuit Court for the City of Charlottesville, Virginia. *Commonwealth of Virginia v. Claire L. K. Kennedy Ogilvie*, Case Nos. CR 1400209-01, CR 1400209-02, and CR 1400209-03. The indictment charged Respondent with one count of felony breaking and entering while armed with a deadly weapon,[1] one count of felony malicious wounding, and one count of felony abduction. On January 23, 2015, Respondent entered an *Alford* plea[2] to the charges of felony breaking and entering, felony malicious wounding, and felony abduction in violation of the Va. Code Ann. §§ 18.2-90, 18.2-91, 18.2-51, 18.2-47. On January 23, 2015, the Honorable John Cullen found the facts sufficient to support an *Alford* plea and sentenced Respondent to fifty years of incarceration, with forty-six years suspended and supervised probation for an indefinite period of time, with additional conditions of probation. We issued a *per curiam* order disbarring Respondent on March 6, 2018. Now we explain our reasons for imposing the sanction of disbarment.

On March 30, 2016, the Attorney Grievance Commission ("Petitioner"), acting through Bar Counsel, petitioned this Court for disciplinary action pursuant to Maryland

---

[1] The charge was later changed to felony breaking and entering.

[2] "An *Alford* plea [] 'lies somewhere between a plea of guilty and a plea of *nolo contendere.*' Drawing its name from *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), such a plea is 'a guilty plea containing a protestation of innocence.'" *Bishop v. State*, 417 Md. 1, 19, 7 A.3d 1074, 1085 (2010) (emphasis in original) (some internal citations omitted).

Rule 19-738(c),[3] because of Respondent's criminal convictions and sentencing in Virginia. Petitioner alleged that Respondent had engaged in professional misconduct and that she violated the Maryland Attorneys' Rules of Professional Conduct ("MARPC") 19-308.4 which provides, in relevant part:

> It is professional misconduct for an attorney to:
>
> (a) violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
>
> (b) commit a criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as an attorney in other respects;
>
> (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;
>
> (d) engage in conduct that is prejudicial to the administration of justice[.]

On March 31, 2016, this Court issued a Show Cause Order directing Respondent to show cause in writing why she should not be suspended immediately.[4] On May 17, 2016,

---

[3] Maryland Rule 19-738(c) provides that:
(1) Generally. Upon receiving and verifying information from any source that an attorney has been convicted of a serious crime, Bar Counsel may file a Petition for Disciplinary or Remedial Action pursuant to Rule 19-721 (a)(2). The petition may be filed whether an appeal or any other post-conviction proceeding is pending.
(2) Contents. The petition shall allege the fact of the conviction and include a request that the attorney be suspended immediately from the practice of law. A certified copy of the judgment of conviction shall be attached to the petition and shall be prima facie evidence of the fact that the attorney was convicted of the crime charged.

[4] Maryland Rule 19-738(d) provides that:
Upon filing of the petition [for Disciplinary or Remedial Action] pursuant to section (c) of this Rule, the Court of Appeals shall issue an order requiring the attorney to show cause within 15 days from the date of the order why the
(continued . . .)

2

Respondent filed a letter with this Court responding to the Show Cause Order. In the May 17 letter, Respondent stated, in relevant part:

> I do not think I should lose my ability to practice law because of my 2014 convictions.
>
> \* \* \*
>
> [] I do not feel that my charges violate the Maryland Rules of Professional Conduct. While these convictions would reflect adversely on myself as a person, they do not do so on my honesty, trustworthiness, or fitness to practice law specifically. Although an attorney is personally answerable to all criminal laws, she should be professionally answerable only for those offenses indicating a lack of characteristics desirable and relevant to law practice, such as those involving dishonesty, fraud, or the like.
>
> In addition, my experiences while incarcerated have in fact made me more fit to practice law. The injustices I've witnessed and experienced, including those committed by my own attorney, have opened my eyes to the inadequate resources available to defendants, and the prejudice defendants face in the criminal justice system and in the media.
>
> \* \* \*
>
> For these reasons, I ask the court to neither suspend nor disbar me from the practice of law. Should the court nevertheless find suspension appropriate, I ask it be for a short, definite period of time, after which my good behavior while on probation would be sufficient for reinstatement.

\* \* \*

---

(. . . continued)

attorney should not be suspended immediately from the practice of law until the further order of the Court of Appeals. If, after consideration of the petition and the answer to the order to show cause, the Court of Appeals determines that the attorney has been convicted of a serious crime, the Court may enter an order suspending the attorney from the practice of law until final disposition of the disciplinary or remedial action. The Court of Appeals shall vacate the order and terminate the suspension if the conviction is reversed or vacated.

3

On May 18, 2016, this Court temporarily suspended Respondent from the practice of law, subject to further order of the Court. On August 14, 2017, Respondent was released from the Fluvanna Correctional Center for Women, located in Troy, Virginia.

On December 6, 2017, Petitioner requested further proceedings pursuant to Maryland Rules 19-738(c).[5] We scheduled the matter for oral argument on March 1, 2018. Although notified in advance of the argument date, Respondent did not appear for oral argument and did not submit anything in writing to the Court. At oral argument, Petitioner recommended the sanction of disbarment in light of Respondent's criminal conviction, which Petitioner argued was a clear violation of MARPC 19-308.4(b).[6] Petitioner suggested that there were four aggravating factors present, those being bad faith obstruction in Respondent's failure to report her criminal charges and conviction,[7] Respondent's

---

[5] Maryland Rule 19-738(c) provides, "Upon receiving and verifying information from any source that an attorney has been convicted of a serious crime, Bar Counsel may file a Petition for Disciplinary or Remedial Action pursuant to Rule 19-721(a)(2). The petition may be filed whether an appeal or any other post-conviction proceeding is pending."

[6] In light of the sensitive nature of the acts committed as well as the conditions of Respondent's plea agreement in which she is prohibited from discussing the facts and circumstances related to the case, Petitioner did not give a detailed description of the nature and circumstances of Respondent's crimes. For those same reasons, we limit our discussion of Respondent's conduct by referencing Respondent's conviction for her three felony charges.

[7] Pursuant to Maryland Rule 19-738(b), "An attorney charged with a serious crime in this State or any other jurisdiction shall promptly inform Bar Counsel in writing of (1) the filing of the charge, (2) any finding or verdict of guilty on such charge, and (3) the entry of a judgment of conviction on such charge."

4

refusal to acknowledge her wrongdoing, the vulnerability of Respondent's victims, and the illegality of Respondent's conduct.[8]

*Conclusions of Law*

MARPC Rule 19-738(i) provides that "a final judgment of any court of record convicting an attorney of a crime, whether the conviction resulted from acceptance by the court of a plea of guilty or nolo contendere, or a verdict after trial, is conclusive evidence of the attorney's guilt of that crime." Accordingly, we conclude that there is clear and convincing evidence of Respondent's guilt of breaking and entering, malicious wounding, and abduction in violation of the Va. Code Ann. §§ 18.2-90, 18.2-91, 18.2-51, 18.2-47.

---

[8] Among the factors that this Court considers in fashioning an appropriate sanction for a lawyer's misconduct, aggravating factors include:
    (1) prior attorney discipline;
    (2) a dishonest or selfish motive;
    (3) a pattern of misconduct;
    (4) multiple violations of the [MARPC];
    (5) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with [rules or orders of the disciplinary agency];
    (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding;
    (7) a refusal to acknowledge the misconduct's wrongful nature;
    (8) the victim's vulnerability;
    (9) substantial experience in the practice of law;
    (10) indifference to making restitution or rectifying the misconduct's consequences;
    (11) illegal conduct, including that involving the use of controlled substances; and
    (12) likelihood of repetition of the misconduct.

*Attorney Grievance Comm'n v. Allenbaugh*, 450 Md. 250, 277, 148 A.3d 300, 316 (2016).

Rule 19-308.4(b) provides, "[i]t is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." *Attorney Grievance Comm'n of Maryland v. Greenleaf,* 438 Md. 151, 159, 91 A.3d 1066, 1070 (2014) (internal quotation marks omitted). Respondent demonstrated a lack of trustworthiness and a complete disregard for the law when she maliciously entered the home of another without the owner's knowledge or permission. "This Court has long held lawyers to a higher standard of conduct than the average citizen." *Attorney Grievance Comm'n of Maryland v. Sheinbein*, 372 Md. 224, 253, 812 A.2d 981, 998 (2002). Respondent's malicious wounding and abduction of another human being is not the "behavior of a[ny] responsible, mature, and trustworthy adult," and falls well below the high standard set for attorneys. *See Attorney Grievance Comm'n of Maryland v. Van Dusen*, 443 Md. 413, 429, 116 A.3d 1013, 1023 (2015) (disbarring an attorney who failed to report his prior convictions in his application for admission to the bar) (internal citations omitted). We, therefore, conclude that Respondent violated MARPC 19-308.4(b).

"It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice. In general, an attorney violates M[A]RPC [19-30]8.4(d) when his or her conduct impacts negatively the public's perception or efficacy of the courts or legal profession." *Attorney Grievance Comm'n of Maryland v. Reno*, 436 Md. 504, 509, 83 A.3d 781, 784 (2014) (citation cleaned up). Respondent's illegal acts negatively impact the public's perception of the legal profession. *See id.* Respondent unlawfully entered the home of another, and maliciously wounded and abducted someone in that home. Any one of these offenses negatively impacts the public's perception of the

6

legal profession. When we consider the illegality and egregious nature of the acts collectively, it is very clear that Respondent's actions or similar conduct carried out by an attorney would leave the reputation of the legal profession in disrepute. We, therefore, conclude that Respondent violated MARPC 19-308.4(d).

Finally, we conclude that Respondent violated MARPC 19-308.4(a), which provides that "it is professional misconduct for an attorney to violate . . . the [MARPC.]"

*Sanction*

Respondent did not file exceptions and did not appear for oral argument before this Court. Therefore, we need only decide the appropriate sanction. *See Attorney Grievance Comm'n of Maryland v. Clinton*, 308 Md. 701, 705, 521 A.2d 1202, 1204 (1987). In determining the appropriate sanction, this Court's goal is not to punish the attorney but "to protect the public and the public's confidence in the legal profession." *Attorney Grievance Comm'n of Maryland v. Greenleaf*, 438 Md. 151, 163, 91 A.3d 1066, 1073 (2014).

In *Attorney Grievance Comm'n of Maryland v. Vanderlinde*, 364 Md. 376, 419, 773 A.2d 463, 488 (2001), we made it clear that disbarment is the appropriate sanction for "an attorney who steals or *commits other serious criminal conduct*[.]" (Emphasis added). A review of our case law does not yield many cases concerning an attorney who committed and was convicted of criminal acts that are similar in severity and nature to the criminal acts of Respondent. We have, however, disbarred attorneys who committed criminal acts against people, even in the absence of aggravating factors. In *Greenleaf*, we disbarred an attorney who "deliberately solicited and preyed" on a minor. 438 Md. at 167, 91 A.3d at

7

1075. In that case, the presence of one mitigating and one aggravating factor did not dissuade us from concluding that the attorney was a "sexual predator" who was unfit to continue the practice of law. *Id.* In *Attorney Grievance Comm'n of Maryland v. Painter*, we recognized that an attorney who commits acts of violence which are "contrary to the policy of this State, which abhors such acts. . . at the very least, engages in conduct that is prejudicial to the administration of justice." 356 Md. 293, 307, 739 A.2d 24, 32 (1999). In that case, having noted only one aggravating factor, we determined that disbarment was the appropriate sanction for an attorney who committed repeated acts of domestic violence against his wife and children. *Id.*

We have also concluded that disbarment is the appropriate sanction for attorneys who committed criminal acts that did not cause physical harm to others. In *Attorney Grievance Comm'n of Maryland v. Dechowitz*, an attorney was convicted of one count of possession with intent to distribute marijuana in the state of California. 358 Md. 184, 186, 747 A.2d 657, 658 (2000). There we concluded that the attorney's conviction clearly demonstrated a violation of MAPRC Rule 19-308.4(b), (c), and (d), and that despite the California Bar's suspension of the attorney, disbarment was the appropriate sanction. *Id.* at 190–91, 747 A.2d at 660–61. In *Attorney Grievance Comm'n of Maryland v. Sheinbein*, we disbarred an attorney who helped his son flee the country after learning that his son was a murder suspect. 372 Md. 224, 260–61, 812 A.2d 981, 1002 (2002). In *Clinton*, we disbarred an attorney who was convicted of willful tax evasion. 308 Md. at 707, 521 A.2d at 1204.

8

Our review has revealed, at least, one instance in which an attorney who advised another to commit an illegal act received a lesser sanction than disbarment. In *Attorney Grievance Comm'n of Maryland v. Kerpelman*, 288 Md. 341, 382–83, 420 A.2d 940, 960 (1980), we sanctioned an attorney by imposing a two-year suspension based on the attorney's acts of advising his client to take possession of a child in violation of a court order, the attorney's attempt to charge his client more than the agreed-upon fee, and the attorney's misrepresentations to his client that were made to justify an improper fee. Respondent's conduct is more severe than the attorney's conduct in *Kerpelman*, because, unlike the attorney in *Kerpelman* who advised his client to commit criminal acts, Respondent actually committed the criminal acts herself, was convicted, and sentenced to fifty years of incarceration, with all but four years suspended.

Although Respondent's criminal conduct may not rise to the level of egregiousness as the attorneys' conduct in *Greenleaf* and *Painter*,[9] her conduct surely rises above the level of severity as that of the attorneys in *Kerpelman*, *Clinton*, *Dechowitz*, and *Sheinbein*. Considering the felonious nature of Respondent's conduct, her criminal conviction and sentence, her failure to report her charges and conviction to Bar Counsel, and the absence of any extenuating circumstances, we concluded that Respondent's "serious criminal conduct" warrants disbarment. *See Vanderlinde*, 364 Md. at 419, 773 A.2d at 488. For the above reasons, on March 6, 2018, we disbarred Respondent and awarded costs against her.

---

[9] The only fact that renders Respondent's conduct less culpable than Painter's is that Respondent's criminal conviction stems from one event, whereas Painter committed repeated acts of domestic violence against his wife and children over the course of a sixteen-year period.

9