IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 11, 2020 Session

## GEORGE H. THOMPSON, III v. BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE

**Direct Appeal from the Chancery Court for Davidson County**
**No. 18-98I    Don R. Ash, Senior Judge**

_____

### No. M2018-02216-SC-R3-BP

_____

This is an attorney discipline proceeding concerning attorney George H. Thompson, III, and his representation of a client in her personal injury action. After filing a nonsuit on his client's behalf, the attorney failed to refile the case in a timely manner, which resulted in the client's claim being barred by the applicable statute of limitations. The attorney later admitted his error and paid the client a sum of money to settle her potential claim against him; however, the attorney failed to advise the client in writing that she should seek independent legal counsel in reaching a settlement. The Board of Professional Responsibility ("Board") filed a petition for discipline against the attorney, and a hearing panel ("Panel") imposed a sanction of a one-year suspension with thirty days to be served as an active suspension and the remainder to be served on probation with conditions. The attorney sought review of the Panel's decision in chancery court, and upon its review, the chancery court affirmed the Panel's decision. The attorney has now filed a direct appeal to this Court. Following a thorough review of the record and applicable legal authorities, we affirm the judgment of the chancery court.

### Tenn. Sup. Ct. R. 9, § 33.1(d); Judgment of the Chancery Court Affirmed

ROGER A. PAGE, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, SHARON G. LEE, and HOLLY KIRBY, JJ., joined.

George H. Thompson, III, Nashville, Tennessee, Pro se.

Sandy Garrett and Jerry D. Morgan, Brentwood, Tennessee, for the appellee, Board of Professional Responsibility of the Supreme Court of Tennessee.

## OPINION

### I. FACTUAL & PROCEDURAL BACKGROUND

The underlying facts of this case are undisputed.[1]  Mr. Thompson is an attorney admitted to practice law in Tennessee in 1973.  Mary Hall, the client, sustained injuries in a February 2012 automobile accident, and she hired Mr. Thompson to represent her in filing a personal injury action.  On February 28, 2013, Mr. Thompson timely filed suit on Ms. Hall's behalf in Davidson County.  On June 24, 2014, Mr. Thompson filed a voluntary nonsuit, and an order was entered dismissing the suit without prejudice.

Although Mr. Thompson expressed his intention to refile the case, he neglected to do so within one year of the date of the voluntary nonsuit.  Consequently, Ms. Hall's cause of action was thereafter barred by the applicable statute of limitations.  *See* Tenn. Code Ann. § 28-1-105(a).  During a meeting with his client on October 22, 2015, Mr. Thompson gave Ms. Hall a $500 check and a handwritten memorandum acknowledging his errors and promising to "make every effort to make [her] whole."

On December 20, 2015, Ms. Hall filed a complaint with the Board alleging ethical misconduct by Mr. Thompson.  However, in March 2016, Mr. Thompson agreed to pay Ms. Hall $5,000 in exchange for a full release of her legal malpractice claim against him.  Ms. Hall agreed to withdraw her ethical complaint.  Mr. Thompson did not advise Ms. Hall in writing of the desirability of seeking independent legal counsel prior to settling her claim.

On June 30, 2016, the Board filed a petition for discipline against Mr. Thompson alleging violations of Rules of Professional Conduct 1.1 (Competence), 1.3 (Diligence), 1.8(h)(2) (Conflict of Interest), 7.3 (Solicitation of Potential Clients), and 8.4(c) and (d) (Misconduct).

Prior to the 2016 disciplinary matter, Mr. Thompson was sanctioned by the Board on several other occasions, as found by the Panel:

---

[1] The majority of the recited facts are derived from the stipulations provided by Mr. Thompson and the Board to the Panel prior to the attorney's disciplinary hearing in the present case.  The stipulations became a part of the administrative record.

1. On September 30, 1994, Mr. Thompson received a private informal admonition for allowing the statute of limitations to expire in a personal injury matter.

2. On March 23, 1995, Mr. Thompson received a private informal admonition for failing to act with reasonable diligence in two matters.

3. On February 25, 2000, Mr. Thompson received a private reprimand for failing to act with reasonable diligence in a bankruptcy case.

4. On June 29, 2000, Mr. Thompson received a public censure for allowing the statute of limitations to expire in a personal injury matter.

5. On October 9, 2003, Mr. Thompson was suspended for one year by the Tennessee Supreme Court, with the entire suspension to be held in abeyance during a period of probation with conditions, for failing to timely refile a personal injury matter after a voluntary dismissal.

6. On November 17, 2006, Mr. Thompson received a private informal admonition as the result of a trust account overdraft.

7. On January 21, 2011, Mr. Thompson received a public censure when he failed to adequately communicate with one client, and when he failed to advise a potential client that he was declining to represent the client prior to the expiration of the statute of limitations.

The present matter came before the Panel on September 7, 2017, and on November 29, 2017, the Panel entered its Findings of Fact, Conclusions of Law and Judgment. It determined that Mr. Thompson violated Rules 1.1, 1.3, 1.8(h)(2), and 8.4(c) of the Rules of Professional Conduct.[2] The Panel then considered the applicable ABA Standards guiding the potential sanction to be imposed and found that ABA Standard 4.41 (Disbarment) and 8.2 (Suspension) applied in this case. It considered applicable the following aggravating factors: prior disciplinary history, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law. *See* ABA Standards

---

[2] Mr. Thompson stipulated that by failing to timely refile his client's lawsuit, he violated Rules 1.1 (Competence) and 1.3 (Diligence), and that by not advising his client in writing of the desirability of seeking independent counsel, he violated Rule 1.8(h)(2) (Conflict of Interest).

for Imposing Lawyer Sanctions § 9.22(a), (c), (d), (i).  The Panel also found applicable the following mitigating factors: timely good faith effort to make restitution, cooperative attitude toward the proceedings, and character or reputation.  *See id.* § 9.32(d), (e), (g).  Ultimately, the Panel imposed a one-year suspension, with thirty days to be served as an active suspension and the remainder to be served on probation.  It further imposed the following probation conditions: good behavior and engagement of a practice monitor.

Mr. Thompson filed a petition for review in the Chancery Court for Davidson County, Tennessee, and on October 19, 2018, the chancery court affirmed the judgment of the hearing panel.  Mr. Thompson then filed a timely notice of appeal with this Court.

## II. STANDARD OF REVIEW

The Tennessee Supreme Court is the source of authority for the Board and its functions.  *In re Vogel*, 482 S.W.3d 520, 530 (Tenn. 2016) (citing *Long v. Bd. of Prof'l Responsibility*, 435 S.W.3d 174, 178 (Tenn. 2014)).  "As a part of our duty to regulate the practice of law in this state, we have the ultimate disciplinary responsibility for violations of the rules governing our profession."  *Hughes v. Bd. of Prof'l Responsibility*, 259 S.W.3d 631, 640 (Tenn. 2008) (citing *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d 465, 469-70 (Tenn. 2003)).  We examine disciplinary judgments pursuant to this Court's "inherent power" and "essential and fundamental right" to enforce the rules regulating the practice of law.  *Vogel*, 482 S.W.3d at 530 (quoting *Hughes*, 259 S.W.3d at 640).  Our standard of review is the same as that of the trial court, generally giving deference to the hearing panel's weighing of the evidence and reversing the hearing panel's decision only when the decision is

> (1) in violation of constitutional or statutory provisions; (2) in excess of the hearing panel's jurisdiction; (3) made upon unlawful procedure; (4) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (5) unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn. Sup. Ct. R. 9, § 33.1(b).

## III. ANALYSIS

Mr. Thompson's sole issue on appeal is the appropriateness of suspension as the sanction in this case.  In considering the appropriateness of the imposed sanction, we look

to the ABA Standards for Imposing Lawyer Sanctions. Tenn. Sup. Ct. R. 9, § 15.4(a). "The ABA Standards are 'guideposts' rather than rigid rules for determining appropriate and consistent sanctions for attorney misconduct." *Bd. of Prof'l Responsibility v. Daniel*, 549 S.W.3d 90, 100 (Tenn. 2018) (citing *Maddux v. Bd. of Prof'l Responsibility*, 409 S.W.3d 613, 624 (Tenn. 2013)). Indeed, the ABA Standards themselves provide as follows:

> While there may be particular cases of lawyer misconduct that are not easily categorized, the standards are not designed to propose a specific sanction for each of the myriad of fact patterns in cases of lawyer misconduct. Rather, the standards provide a theoretical framework to guide the courts in imposing sanctions. The ultimate sanction imposed will depend on the presence of any aggravating or mitigating factors in that particular situation. The standards . . . are guidelines which give courts the flexibility to select the appropriate sanction in each particular case of lawyer misconduct.

ABA Standards for Imposing Lawyer Sanctions, Theoretical Framework.

> The first step is to identify the presumptive sanction based on the following considerations: (1) the ethical duty the lawyer violated—whether to a client, the public, the legal system, or duties as a professional; (2) the lawyer's mental state; and (3) the extent of the actual or potential injury caused by the lawyer's misconduct.

*Daniel*, 549 S.W.3d at 100 (citing *Bd. of Prof'l Responsibility v. Cowan*, 388 S.W.3d 264, 268 (Tenn. 2012)). The second step is to "consider whether that sanction should be increased or decreased due to aggravating and mitigating circumstances, if any." *Cowan*, 388 S.W.3d at 268.

Here, in imposing a suspension, the Panel relied on ABA Standards 4.41(c) and 8.2, which state, respectively:

> 4.41 Disbarment is generally appropriate when . . . (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

> and

- 5 -

8.2     Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

ABA Standards for Imposing Lawyer Sanctions §§ 4.41(c), 8.2.

Mr. Thompson challenges the discipline imposed as arbitrary and capricious, specifically arguing: "In light of appellant's age and specific personal and practice circumstances, . . . [the] suspension would likely be fatal to his practice and would force appellant into involuntary retirement . . . less than two years from the time he would be able to transition his practice to his son." He asserts that he did not intentionally or knowingly violate any of the Rules of Professional Conduct and "denies making any misrepresentation or acting with any dishonest or selfish motive." He, therefore, asks this Court to modify his sanction to a public censure.

As outlined above, Mr. Thompson was found to have violated four different Rules of Professional Conduct. *See* Tenn. Sup. Ct. R. 8, RPC 1.1 ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation."); RPC 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); RPC 1.8(h)(2) ("A lawyer shall not . . . (2) settle a claim or potential claim for such liability with an unrepresented client or former client unless the lawyer fully discloses all the terms of the agreement to the client in a manner that can reasonably be understood by the client and advises the client in writing of the desirability of seeking and gives the client a reasonable opportunity to seek the advice of independent legal counsel in connection therewith."); RPC 8.4(c) ("It is professional misconduct for a lawyer to . . . (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation[.]"). Mr. Thompson has not challenged these findings on appeal. The Panel found four aggravating factors to be relevant here, mainly concerning his lengthy disciplinary history. The Panel also found three mitigating factors to apply to Mr. Thompson, including his timely good faith effort to make restitution with his injured client, his cooperative attitude, and his good character/reputation.

Mr. Thompson has made clear that he would also like this Court to consider as mitigating factors the detriment to his solo practice from an active suspension, his "specific personal and practice circumstances," and his lack of dishonest or selfish

motives. However, as the chancery court aptly noted, "detriment to a lawyer's practice is not a mitigating factor included in the ABA Standards for Lawyer Sanctions." Further, even assuming *arguendo* that the "lack of dishonest or selfish motives" factor was supported by the evidence, Mr. Thompson does not challenge the Board's finding that he violated Rule of Professional Conduct 8.4(c) by acting dishonestly. Moreover, Mr. Thompson has failed to demonstrate how the Panel's apparent failure to consider any of these additional mitigating factors was arbitrary or capricious or how their application would warrant a reduction in punishment.

Mr. Thompson has received seven previous sanctions throughout his career, four of which involved his failure to file matters within the applicable statute of limitations as he did in the case before us. Suspension was, therefore, appropriate under Standard 8.2 as found by the Panel. Still, it is evident that the Panel also generously and appropriately weighed the applicable mitigating factors in Mr. Thompson's favor as it imposed the least amount of time to serve as an active suspension that is allowable under our rules when imposing a suspension. *See* Tenn. Sup. Ct. R. 9, § 12.2(a) ("A suspension order must result in some cessation of the practice of law for not less than thirty days.").

We conclude that Mr. Thompson has failed to demonstrate that the sanction imposed by the Panel was arbitrary or capricious. *See Bd. of Prof'l Responsibility v. Reguli*, 489 S.W.3d 408, 420-21 (Tenn. 2015) (citing *Bd. of Prof'l Responsibility v. Allison*, 284 S.W.3d 316, 322 (Tenn. 2009)) ("A decision that lacks substantial and material evidentiary support is arbitrary and capricious."). The chancery court, therefore, did not err in affirming the Panel's decision.

## IV. Conclusion

For the foregoing reasons, the chancery court's judgment upholding the Panel's decision is affirmed. The costs of this appeal are taxed to George H. Thompson, III, for which execution may issue if necessary.

_____
ROGER A. PAGE, JUSTICE

- 7 -