IN THE SUPREME COURT OF TENNESSEE
Assigned on Briefs March 31, 2021

## IN RE: LORING EDWIN JUSTICE

**Direct Appeal from the
Board of Professional Responsibility Hearing Panel
No. 2019-3040-2-JM-24**

_____

**No. E2020-01089-SC-R3-BP**

_____

An attorney who had been disbarred was assessed costs associated with his disbarment proceedings pursuant to pre-2014 Tennessee Supreme Court Rule 9, section 24.3. The attorney timely filed a petition seeking relief from costs, and a panel of the Board of Professional Responsibility conducted a hearing on the petition. The panel reduced the costs for 11.2 hours of disciplinary counsel time and otherwise denied the petition. The attorney has appealed to this Court, as permitted by pre-2014 Rule 9, section 24.3. Having carefully and thoroughly considered the record and each of the issues raised, we affirm the panel's decision.

**Tenn. Sup. Ct. R. 9, § 24.3 (2013) Direct Appeal
Decision of the Hearing Panel Affirmed**

CORNELIA A. CLARK, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, C.J, and SHARON G. LEE, HOLLY KIRBY and ROGER A. PAGE, JJ., joined.

Linn Guerrero, Knoxville, Tennessee, for the appellant, Loring Edwin Justice.

Sandy Garrett and A. Russell Willis, Brentwood, Tennessee, for the appellee, Board of Professional Responsibility.

# OPINION

## I. Factual and Procedural Background

This case is before us on a request for relief from costs, stemming from a lawyer-disciplinary proceeding against Knoxville attorney Loring Edwin Justice. On September 25, 2013, the Board of Professional Responsibility ("Board") filed a petition for discipline against Mr. Justice related to his conduct as an attorney in a federal personal injury lawsuit. A hearing panel of the Board determined that Mr. Justice had violated four provisions of the Tennessee Rules of Professional Conduct and sanctioned Mr. Justice with a one-year active suspension and twelve additional hours of ethics continuing legal education. The Board and Mr. Justice both appealed to the Chancery Court for Knox County, which affirmed the hearing panel's findings of fact and conclusions of law, but modified the sanction to disbarment. Mr. Justice appealed to this Court, and we affirmed the Chancery Court in all respects. Bd. of Prof'l Resp. v. Justice, 577 S.W.3d 908 (Tenn. 2019). The Board then assessed costs and expenses against Mr. Justice pursuant to pre-2014 Tennessee Supreme Court Rule 9, section 24.3. These costs and expenses were detailed in an August 22, 2019 invoice, and totaled $25,403.65.

On September 26, 2019, Mr. Justice filed a petition for relief from costs and objected to certain time entries and expenses listed in the August 22, 2019 invoice. Mr. Justice first argued that he should be relieved from all costs because the disciplinary proceedings were unconstitutional, asserting that the standard of proof used in the disciplinary proceedings was preponderance of the evidence rather than clear and convincing evidence, and that his Fifth Amendment privilege against self-incrimination was violated. Mr. Justice also argued that the time entries were inflated. In particular, he pointed to 29.78 hours for disciplinary counsel preparing its brief to this Court; 39.0 hours for disciplinary counsel preparing for oral argument before this Court; 4.0 hours for disciplinary counsel preparing a response to Mr. Justice's motion to continue; and 43.7 hours for disciplinary counsel traveling to and attending various hearings in Knoxville, highlighting travel time entries for 6.5 hours. Mr. Justice also objected to certain expenses as unnecessary, including $115.41 in FedEx charges for delivery of documents and $1,259.35 for the court reporter to prepare the transcript of the disciplinary hearing. On November 18, 2019, Mr. Justice filed a written request to depose disciplinary counsel, propound interrogatories, and conduct discovery.

On November 26, 2019, the Board filed a response in opposition to Mr. Justice's request to conduct discovery and responded to Mr. Justice's petition for relief from costs. The Board also subsequently submitted the affidavits of the two lawyers who had worked as disciplinary counsel on Mr. Justice's case. Regarding Mr. Justice's discovery requests, the Board pointed out that section 24.3 of pre-2014 Rule 9 did not authorize discovery. The Board also relied on Moncier v. Board of Professional Responsibility, 406 S.W.3d

139, 164-65 (Tenn. 2013), in which the Court affirmed a hearing panel's decision to deny an attorney's request for discovery.

As for Mr. Justice's specific objections to the cost assessment, the Board explained that only two attorneys billed time on the case. One attorney worked on the matter for over five years and billed 264 hours. The other attorney began working for the Board in February 2019 and handled the case in this Court. The second attorney, who had to become familiar with the case before oral argument, billed a total of forty-one hours. The Board pointed out that the total attorney time billed for more than five years of litigation amounted to $22,077.00 of the costs, which was approximately $72.38 per hour, under the $80.00 per hour rate authorized by pre-2014 Rule 9, section 24.3.

As for Mr. Justice's objection to the travel time claimed, the Board explained that the time entries for 6.5 hours accounted for travel to and from Knoxville and for participating in hearings while in Knoxville. The Board argued that the travel was part of the prosecution of the matter and the claimed time was reasonable.

As for Mr. Justice's objections regarding expenses, the Board explained that it used FedEx because the documents were voluminous. With regard to Mr. Justice's objection to the transcription costs, the Board emphasized that pre-2014 Rule 9, section 24.3 specifically authorized the assessment of transcription costs. The Board posited that Mr. Justice's objection to these costs was an attempt to relitigate his assertion, rejected by this Court, that the transcript filed on appeal had not been properly certified.

On May 19, 2020, a Board of Professional Responsibility Hearing Panel ("Hearing Panel") held a telephonic hearing on Mr. Justice's request to conduct discovery. The next day, the Hearing Panel filed an order denying the request. In addition, the Hearing Panel granted Mr. Justice's request for a continuance of the hearing on the petition for relief from costs, but it denied his request to subpoena and call witnesses, explaining that the hearing would proceed on the pleadings and the argument of counsel.

On May 29, 2020, the Hearing Panel conducted the final hearing by teleconference. Through his attorney, Mr. Justice verbally raised several objections to the assessment of costs that were not raised in his petition. The Board verbally responded to some but not all of these objections and also commented that they were not raised in the petition. The Hearing Panel issued its written order on July 17, 2020. The Hearing Panel denied Mr. Justice's petition for relief from costs and objections to costs assessed, except that the Hearing Panel reduced the attorney time the Board billed for a motion to compel a deposition from 5.2 hours to .5 hours, and eliminated 6.5 hours of attorney time the Board had billed for a hearing on December 21, 2016, because Mr. Justice had asserted a hearing was not held on that date. Mr. Justice timely appealed to this Court.

## II. Standard of Review

Attorney discipline in Tennessee is governed by Tennessee Supreme Court Rule 9, which was revised effective January 1, 2014. Because the disciplinary proceedings against Mr. Justice were instituted before the effective date of the revisions, this appeal is governed by the pre-2014 version of Rule 9. Garland v. Bd. of Prof'l Resp., 536 S.W.3d 811, 816 (Tenn. 2017); Bd. of Prof'l Resp. v. Reguli, 489 S.W.3d 408, 412 n.1 (Tenn. 2015). Pre-2014 Tennessee Supreme Court Rule 9, section 24.3 provides in relevant part:

> In the event that a judgment of disbarment, suspension, public censure, private reprimand, temporary suspension, disability inactive status, reinstatement, or denial of reinstatement results from formal proceedings, the Board shall assess against the respondent the costs of the proceedings, including court reporter's expenses for appearances and transcription of all hearings and depositions, the expenses of the hearing panel in the hearing of the cause, and the hourly charge of Disciplinary Counsel in investigating and prosecuting the matter.

> The respondent attorney may petition the Board for relief from costs within thirty days of receipt of the final bill of costs or on the termination of any action upon which the disciplinary proceeding was based, whichever occurs last. In seeking relief, the respondent attorney shall have the opportunity to appear and be heard before the Board or a duly constituted panel thereof. Having conducted such a hearing, the Board shall file an order within thirty days; this order must include the basis for the Board's decision. An order reflecting the decision shall be treated as a decree of the circuit or chancery court and, as such, is appealable to the Tennessee Supreme Court under Rule 9, § 1.3, Rules of the Supreme Court.
> . . . .
> The hourly charges of Disciplinary Counsel on formal proceedings filed on or after January 27, 1992, shall be assessed at $30 per hour for investigative time incurred prior to the filing of formal proceedings and $80 per hour in connection with formal proceedings.

Under pre-2014 Tennessee Supreme Court Rule 9, section 1.3, the decision of the Hearing Panel should be reversed or modified only if:

> the rights of the petitioner have been prejudiced because the panel's findings, inferences, conclusions or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the panel's jurisdiction; (3) made upon unlawful procedure; (4) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of

- 4 -

discretion; or (5) unsupported by evidence which is both substantial and material in the light of the entire record.

"We review questions of law de novo but do not substitute our judgment for that of the panel as to the weight of the evidence on questions of fact." Moncier, 406 S.W.3d at 150 (citing Bd. of Prof'l Resp. v. Cowan, 388 S.W.3d 264, 267 (Tenn. 2012)).


## III.    Analysis

Mr. Justice raises six issues on appeal, which we consolidate and restate as follows:

> 1.    Whether the Hearing Panel abused its discretion in denying Mr. Justice's request for discovery and conducting the hearing on the pleadings filed and the arguments of counsel.

> 2.    Whether the Hearing Panel abused its discretion in declining to consider arguments previously raised by Mr. Justice and rejected by this Court.  See Justice, 577 S.W.3d 908.

> 3.    Whether the findings and conclusions in the Hearing Panel's order are supported by substantial and material evidence.


### *A. Request for Discovery and Hearing Procedure*

Mr. Justice asserts that the Hearing Panel erred by denying his request to conduct discovery.  We review pretrial discovery decisions for abuse of discretion.  Walwyn v. Bd. of Prof'l Resp., 481 S.W.3d 151, 165 (Tenn. 2015) (quoting West v. Schofield, 460 S.W.3d 113, 120 (Tenn. 2015)).  An abuse of discretion occurs when a lower tribunal applies an incorrect legal standard, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party.  Id.

The Hearing Panel did not abuse its discretion under Moncier when it denied Mr. Justice's discovery request.  See Moncier, 406 S.W.3d at 164-65.  Mr. Justice sought permission to propound written discovery and depose disciplinary counsel to "determine the nature and reasonableness of the fees sought."  But Mr. Justice was already in possession of the invoice assessing costs consistent with section 24.3.  He also had affidavits from disciplinary counsel responding to his specific objections.  Moreover, the Hearing Panel's denial of discovery did not preclude Mr. Justice from offering his own

affidavits to support any assertions that the charges were inappropriate or unreasonable. He simply did not provide any countervailing affidavits.

The Hearing Panel also did not deny Mr. Justice an opportunity to be heard at the hearing, as he claims, when it refused to allow him to subpoena and call witnesses at the hearing. The Hearing Panel simply determined that the hearing would be on the pleadings and the argument of counsel. Mr. Justice was heard through his attorney. Again, he did not request permission to submit affidavits or other written proof at the hearing, nor did he ask to make an offer of proof of any witnesses. Under the circumstances of this case, Mr. Justice has not shown that the Hearing Panel abused its discretion by denying discovery and hearing this matter on the pleadings and the arguments of counsel.

## B. *Arguments Previously Raised on Appeal*

Mr. Justice argues that he should be relieved from the Board's assessment of fees and costs given three, distinct violations of his Fifth Amendment privilege against self-incrimination in the underlying disciplinary case. This argument is without merit.

In Mr. Justice's appeal as of right, this Court concluded that the hearing panel had not deprived him of the opportunity to decide whether to waive his Fifth Amendment right against testifying. Justice, 577 S.W.3d at 925-26. We also declined to address Mr. Justice's argument that the Fifth Amendment precluded the hearing panel from drawing an adverse inference from his invocation of his Fifth Amendment privilege against self-incrimination because the hearing panel had expressly not drawn such an adverse inference in deciding Mr. Justice's case. Id. at 926 n.18.

Mr. Justice's assertion that the Hearing Panel erred by not reconsidering these constitutional issues and setting aside the cost assessment is without merit. Pre-2014 Rule 9, section 24.3 affords attorneys the opportunity to seek relief from the costs assessed for a disciplinary proceeding; it does not provide attorneys a second chance to relitigate issues decided against them in underlying disciplinary proceedings. Moreover, even if the limited scope of pre-2014 Rule 9, section 24.3 did not preclude reconsideration of these issues, Mr. Justice is collaterally estopped from relitigating them. To establish a claim of collateral estoppel, a party must establish:

(1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with

a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

Mullins v. State, 294 S.W.3d 529, 535 (Tenn. 2009). Here, the constitutional issues Mr. Justice relies on to challenge the assessment of costs are identical to the constitutional issues he raised in his appeal as of right; the issues were actually litigated and decided against him; the judgment in his appeal as of right has become final; the same parties are involved here as in his appeal as of right; and Mr. Justice had a full and fair opportunity to litigate the issues in his disciplinary proceeding. Thus, Mr. Justice is collaterally estopped from relitigating these issues.

To the extent Mr. Justice claims that he should be allowed to relitigate issues because this Court did not expressly address all of them in his appeal as of right, he is mistaken. The Court rejected some of Mr. Justice's arguments on the merits, rejected other arguments as not properly preserved for appeal or not relevant to the appeal because the claimed action did not actually occur, and rejected still other arguments as "too outlandish to dignify with discussion." Justice, 577 S.W.3d at 924 n.16. This Court rejected all of his arguments, by one means or another.

Mr. Justice also suggests that we should address the constitutional arguments in this appeal because we addressed similar constitutional arguments in another section 24.3 appeal. See Moncier, 406 S.W.3d 139. However, Mr. Moncier's case was in a different posture than the present case. Specifically, Mr. Moncier attempted to appeal from the hearing panel decision to the trial court, but the trial court dismissed the appeal, applying a decision of this Court issued after Mr. Moncier filed his petition for writ of certiorari, which meant that Mr. Moncier's petition was defective. Moncier, 406 S.W.3d at 145-46. After the dismissal, the Board filed an order of enforcement with this Court incorporating the hearing panel's judgment against Mr. Moncier and assessing costs against him according to an invoice submitted by disciplinary counsel. Mr. Moncier moved for relief from costs pursuant to pre-2014 Rule 9, section 24.3, and the panel denied relief. Mr. Moncier then appealed under section 24.3 and raised many of the issues that he would have raised had his appeal not been dismissed based on his defective certiorari petition. Although the Court had admonished Mr. Moncier in an unpublished order not to use his section 24.3 appeal to relitigate the underlying disciplinary proceeding, the Court exercised its discretion to address some of the issues Mr. Moncier raised "briefly—and finally—again for the benefit of the public and the bar." Moncier, 406 S.W.3d at 151.

Unlike Mr. Moncier, Mr. Justice properly perfected his appeal as of right, and this Court has already addressed and rejected the issues he seeks to relitigate now as a bar to the assessment of costs. The Hearing Panel did not abuse its discretion by refusing to

reconsider these issues in a Section 24.3 proceeding, which is designed to determine only whether an attorney is entitled to relief from the costs assessed.

## C. Assessment of Costs

Finally, Mr. Justice argues that the Hearing Panel erred by failing to reduce the Board's assessment of fees and costs and by enforcing the Board's assessment of costs against him. As set forth above, the Hearing Panel's decision will be affirmed if it is supported by evidence that is both substantial and material in the light of the entire record. We have previously explained the substantial and material evidence standard as follows:

> In applying the substantial and material evidence test, it is our duty to determine whether the decision is supported by such relevant evidence as a rational mind might accept to support a rational conclusion. We look at whether the record contains a reasonably sound factual basis for the hearing panel's decision. A reasonably sound basis is less than a preponderance of the evidence but more than a scintilla or glimmer.

Beier v. Bd. of Prof'l Resp., 610 S.W.3d 425, 438 (Tenn. 2020) (citations and internal quotation marks omitted).

As discussed above, the Hearing Panel decided this matter on the pleadings and on the arguments of counsel. The pleadings included the Board's invoice, Mr. Justice's petition and request for discovery, the Board's response, and affidavits from disciplinary counsel, which addressed Mr. Justice's specific objections to the invoice. Mr. Justice failed to offer any countervailing affidavits to establish that the time or expenses assessed pursuant to the hourly rates and provisions of pre-2014 Rule 9, section 24.3 were unreasonable or unnecessary. Nevertheless, the Hearing Panel did reduce the costs for 11.2 hours of disciplinary counsel time, and the Board has not appealed the Hearing Panel's reduction of those costs.

Mr. Justice argues, as he did below, that pre-2014 Rule 9, section 24.3 does not authorize disciplinary counsel to charge for travel time. He points out that travel time is not allowed as a discretionary cost under Tennessee Rule of Civil Procedure 54.04. The Hearing Panel disagreed and concluded that charges for travel time are reasonable and necessary and, in the words of pre-2014 Rule 9, section 24.3, part of the "costs of the proceeding" and appropriate as "the hourly charge of Disciplinary Counsel in investigating and prosecuting the matter." Of course, the broad language of pre-2014 Rule 9, section 24.3, not Tennessee Rule of Civil Procedure 54.04, governs the allowable

costs in disciplinary proceedings. The Hearing Panel's decision is consistent with the broad language of pre-2014 Rule 9, section 24.3.

Mr. Justice also argues, as he did below, that the FedEx expenses were unnecessary and should be disallowed. However, the Board explained that it used FedEx, rather than regular mail, because of the voluminous documents in this case. The Hearing Panel accepted this explanation and determined the costs were reasonable and necessary. Moreover, Mr. Justice failed to offer any proof that the expense would have been less had the Board used the United States Postal Service.

Mr. Justice's objections to the transcription costs are also without merit, as pre-2014 Rule 9, section 24.3 expressly authorizes those costs. Mr. Justice's argument seems to stem from an inability to accept that the transcript, which the trial court destroyed believing it to be a courtesy copy, was recreated and properly certified. The Board only charged Mr. Justice once for the cost of the transcript.

In sum, the Hearing Panel clearly explained its decisions on each of Mr. Justice's objections, and Mr. Justice's arguments on appeal do not call into question the rationality of the Hearing Panel's decision. Having reviewed the record before us, we conclude that the Hearing Panel's decision is supported by substantial and material evidence.

## IV. Conclusion

Having reviewed the record and the issues raised, we conclude that the Hearing Panel's findings, inferences, conclusions and decisions were not (1) in violation of constitutional or statutory provisions; (2) in excess of the panel's jurisdiction; (3) made upon unlawful procedure; (4) arbitrary or capricious or characterized by abuse of discretion or a clearly unwarranted exercise of discretion; or (5) unsupported by evidence which is both substantial and material in the light of the entire record. Accordingly, the judgment of the Hearing Panel on Mr. Justice's petition for relief from costs is affirmed. The costs of this appeal are taxed to Mr. Justice, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, JUSTICE